UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff | ) |
| v. | ) Case No.: 5:19-cr-154-LCB |
| KENSECO ARTESE GRANT. | ) |
| Defendant. | ) |

## ORDER

The magistrate judge entered a report and recommendation (doc. 20) on August 16, 2019, recommending that motion to suppress (doc. 12) filed by the defendant be denied. The parties were notified of their right to file objections with fourteen days of the report and recommendation being entered by the magistrate judge. The United States filed a motion (doc. 21) to correct a typographical error with respect to a witness's name, which the Court granted (doc. 23). This did not change any substantive portion of the report and recommendation. The defendant filed an objection (doc. 22) to the report and recommendation, arguing, among other things, that the magistrate judge did not consider the totality of the circumstances in determining whether the defendant's statement were the result of a knowing, voluntary, and intelligent waiver of his *Miranda* rights.

The Court has carefully reviewed and considered *de novo* all the materials in the record, including the report and recommendation. The Court adopts and incorporates by reference the background section of the report and recommendation. The Court finds that, based on the totality of the circumstances, the defendant's incriminating statements were the result of a knowing, voluntary, and intelligent waiver of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). Voluntariness requires that the waiver must be the result of a free and deliberate choice rather than intimidation, deception, or coercion. *Moran v. Burbine*, 475 U.S. 412, 421 (1986). The waiver must also be made with full awareness of the nature of the rights being waived and the consequences of that decision. *Id*. Only if the totality of the circumstances reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived. *Id*. As the Court has stated, it finds that the totality of the circumstances indicate both these factors were met in this case.

The defendant was informed of his *Miranda* rights by Officer Tory Green on two different occasions during the events at issue on February 8, 2019. (Doc. 19-1, Doc. 24). Nothing in the conversation preceding or following those instances indicates that the defendant's waiver of his rights were coerced or not voluntary. "Once it is determined that a suspect's decision not to rely on his rights was uncoerced, that he at all times knew he could stand mute and request a lawyer, and

that he was aware of the State's intention to use his statements to secure a conviction, the analysis is complete and the waiver is valid as a matter of law." *Id. at* 422–23. Thus, the Court concludes that the defendant's waiver was valid as a matter of law.

Moreover, this situation was not like the one in *Hart v. Attorney General*, 323 F.3d 884 (11th Cir. 2003), where a detective stated, in a conversation with a defendant about the pros and cons of having counsel present, that "honesty wouldn't hurt [the defendant]." *Id*. at 889. The Court finds that there were no statements made by law enforcement officers to the defendant that honesty would not hurt him. Additionally, there is nothing in the record indicating that the defendant was waffling about invoking his right to counsel or that he had any questions regarding same. In fact, at one point during the interrogation, the defendant was assured by Sergeant Terry Lucas that, even if the defendant was honest, it would not mean that the defendant would not go to prison. Moreover, Agent Brett Turner told the defendant that he had evidence to bring federal charges against him.

Nor is this situation like that in *United States v. Lall*, 607 F.3d 1277 (11th Cir. 2010). In *Lall*, law enforcement officers were at the defendant's house where he lived with his family to investigate a home invasion. *Id*. at 1281. During the investigation of the home invasion, law enforcement officers discovered, through

3

the defendant's father, that the defendant may have been involved in credit card fraud. *Id*. The defendant arrived at the family home and was informed of his *Miranda* rights. The defendant was then interviewed by law enforcement officers who told him that the main concern was the home invasion. *Id*. Notably, one detective told the defendant that any information that the defendant shared with police would not be used to prosecute him. *Id*. Again, this situation is not like that in *Lall*. The record indicates that the defendant was aware why law enforcement was at the house where he lived with his grandmother. The defendant saw the evidence that was seized from the home. No law enforcement officer promised to the defendant that the information shared by him would not be used to prosecute him. *Cf. United States v. Castor*, 598 F. App'x 700, 703 (11th Cir. 2015) (unpublished opinion) ("[W]hen evaluating the totality of the circumstances, a law enforcement officer's promise not to use a suspect's incriminating statements 'may be the most significant factor in assessing the voluntariness' of a confession.").

Rather, the facts demonstrate that the defendant knowingly, voluntarily, and intelligently waived his *Miranda* rights, rights that were recited to him twice during the police encounter at issue, and that no law enforcement made a promise to not use any incriminating statements against him. Therefore, the Court finds that the motion to suppress should be denied. *See, e.g.*, *United States v. Godinez*, No. 03-20566-CR, 2003 WL 27385603, at *8 (S.D. Fla. Oct. 24, 2003), *report and*

*recommendation adopted sub nom. United States v. Walden*, No. 03-20566-CR, 2004 WL 7338544 (S.D. Fla. Jan. 26, 2004) ("In the case at bar, the undersigned finds and concludes that the advice of rights was not undermined nor nullified by the statement of Agent McNamara that Godinez would be able to help himself by making a statement after they arrived at the Customs office. The circumstances here are distinguishable from *Beale* and *Hart,* since the detectives did not advise Godinez that waiving his rights would not hurt him, or that telling the truth would not hurt him . . . . Moreover, as the cases above establish, there is nothing inherently wrong with agents advising a defendant that if he decides to cooperate, it may help him with respect to the ultimate disposition of his case.").

Accordingly,

IT IS ORDERED that the recommendation of the magistrate judge to deny the motion to suppress (doc. 12) is ADOPTED.

IT IS FURTHER ORDERED that the motion to suppress (doc. 12) is DENIED.

**DONE** and **ORDERED** September 23, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE